**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

**UNITED STATES OF AMERICA**

v.

**JAMOI WEEKES,**

Defendant.

**CASE NO. 2024-CR-0014**

**GOVERNMENT'S SENTENCING MEMORANDUM SUPPLEMENT**

The United States of America, through Adam F. Sleeper, Acting United States Attorney for the District of the Virgin Islands and the undersigned Assistant United States Attorney files this supplement to its Sentencing Memorandum.

**U.S.S.G. § 2A6.1(b)(1)**

The Guidelines provide for a six-level sentencing enhancement where the offense of conviction "involved any conduct evidencing an intent to carry out [a] threat." U.S.S.G. § 2A6.1(b)(1). In assessing this enhancement, courts can consider conduct that occurred both during the offense and before the offense that is "substantially and directly connected to the offense." *United States v. Stoner*, 781 F. App'x 81, 87 (3d Cir. 2019). The defendant must have "engaged in some overt act to warrant a §2A6.1(b)(1) enhancement." *United States v. Brodie*, 824 F. App'x 117, 121 (3d Cir. 2020).

In *United States v. Goynes*, 175 F.3d 350, 355 (5th Cir. 1999), the Fifth Circuit refused to find that threats alone were sufficient to apply the six-point enhancement of §2A6.1(b)(1). The court stated:

> Holding that threats are enough to support a § 2A6.1(b)(1) enhancement would contradict the plain language of the Guideline, which authorizes an enhancement where the offense involves conduct evidencing an intent to carry out the threats. Therefore, this Circuit adopts the majority view requiring some form of overt act to sustain a § 2A6.1(b)(1) enhancement.
>
> The Court continued:
>
> We conclude that the writing of multiple threatening letters and the nature of their content alone are insufficient to justify the district court's six-level enhancement. Moreover, although Goynes' threats are extremely violent and one of the letters is signed in blood, we find that these acts are merely threats and not conduct sufficiently evidencing an intent to carry out a threat. Furthermore, although the signing of the letter in blood is disturbing, it is not in any way an actual step toward the realization of Goynes' threats. Clearly, Goynes did not purchase a weapon or ammunition, travel to the victim's home or city, strike the victim or do any other clearly recognizable overt act that could be considered conduct evidencing an intent to carry out his threat. Thus, we vacate Goynes' sentence and remand to the district court for resentencing.

*Id.*

Here, the defendant was referred to secondary inspection where he was advised that he would have to fill out a Customs Declaration Form because he was traveling with tobacco. That is when the defendant uttered the threats against the officers. There is no evidence of any conduct by the defendant before the uttered threats that could be used to support the enhancement. There is also a lack of evidence that during the time he uttered those threats,

the defendant's conduct evidenced an intent to carry out his threats. His threats alone, without more, cannot be the basis for the enhancement.

**U.S.S.G. § 4C1.1(a)(3)**

The two-point enhancement does not apply to the defendant. Under section 4C1.1, the guidelines provide a two-level reduction on a defendant who has no criminal history points and meets a series of additional criteria, such as the defendant "did not use violence or credible threats of violence or credible threats of violence in connection with the offense." U.S.S.G. § 4C1.1(a)(3). "And in assessing whether a threat is 'credible,' courts routinely look to contextual evidence, including the defendant's ability to make good on the threat." *United States v. Yang*, No. CR 23-100 (JDB), 2024 WL 519962, at *5 (D.D.C. Feb. 9, 2024). Section 4C1.1 does not define the terms "use violence" or "use credible threats of violence." *Id.* at *3. Indeed, other sections of the guidelines also do not define those terms. *See* U.S.S.G. § 2D1.1(b)(2) and U.S.S.G. § 5C1.2(a)(2).

A "credible" threat is one that "offer[s] reasonable grounds for being believed or trusted." *Yang*, 2024 WL 519962, at *4. A credible threat does not have to be explicit. The Court may infer a threat "from the defendant's conduct and the surrounding circumstances." *United States v. Celso*, No. 22-CR-194-3(EK), 2024 WL 2319679 at *3 (E. D. N.Y. May 22, 2024). The plain language of § 4C1.1(a)(3) calls on the Court to consider this individualized conduct when assessing whether a defendant is entitled to a two-level reduction in offense level. *Yang*, 2024 WL 519962, at *6.

In *United States v. Miller*, No. 22-cr-00495, 2024 WL 363731 at *4 (N. D. Ohio Jan. 26, 2024), the District Court noted that §4C1.1(a)(3) did not define "credible threat", but that § 2D1.1(b)(2) also required a "credible threat to use violence." *Id.* The Court noted that in the Sixth Circuit, in the context of 2D1.1(b)(2), that enhancement applies where "one who with the intent to injure another, credibly communicates that intent, without acting on it—for example when one credibly threatens to hit someone with a shovel but has not yet swung the shovel." *Id.* (quoting *United States v. Pineda-Duarte*, 933 F.3d 519, 522 (6th Cir. 2019). The Miller Court stated, "there must be some temporal and spatial proximity between the defendant, his threat, and his intended victim." *Id.* The Court cited cases from the Fifth Circuit that applied temporal and spatial proximity to find credible threats of violence where a gun was brandished along with a verbal threat. *See United States v. Overstreet*, 693 F. App'x 9937, 942 (5th Cir. 2017); *United States v. Torres*, F. App'x 937, 942 (5th Cir. 2017), and *United States v. Bonilla*, 670 F. App'x 875, 876 (5th Cir. 2016). The Court also cited an Eighth Circuit case that stood for the same proposition that temporal and spatial proximity is required. See *United States v. Sykes*, 854 F.3d 457, 460-61 (8th Cir. 2017) (credible threat of violence where defendant threatened CS's family and lifted up his shirt, revealing a gun.).

The surrounding circumstances are that the defendant's demeanor was angry and agitated and he told the officers he would see them in the streets and threatened several times to kill them. He did not make physical contact

with the officers, and he had no weapons. However, he waited for the officers to get off their shifts and followed them to the parking lot and foolishly urged them to fight. Despite his terrible behavior, there does not appear to be a credible communication of his threat to kill the officers.

**U.S.S.G. § 3A1.2(a)-(b)**

This enhancement "applies when a applies when a defendant not only knew the victim was a government employee but the motivation for the criminal action also arose from the duties of the government employee victim…." *United States v. Chandler*, 104 F.4th 445, 460 (3d Cir. 2024). The purpose of the enhancement is to protect government officers when performing their duties. *Id.* at 461. Here, the defendant was at the airport for a flight to Puerto Rico. He clearly knew they were customs officers as he went from primary to secondary inspection. His motivation for threatening the officers was because he was asked to fill out a Customs Declaration Form because he was traveling with tobacco. The defendant does not dispute that the victims were government officers or employees, and that the offense was motivated by their status.

Dated: June 12, 2025

ADAM F. SLEEPER
ACTING UNITED STATES ATTORNEY

By: /s/ Rhonda Williams-Henry

Rhonda Williams-Henry
Assistant U.S. Attorney
1108 King St. Ste. 201
Christiansted, VI 00820
rhonda.williams-henry@usdoj.gov